

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

March 12, 2025

<u>VIA CM/ECF and Email</u>

AUSA Michael Castiglione
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:     <u>*United States v. Jose Mercado et al.*</u>, No. 1:24-cr-00428-BMC

Dear AUSA Castiglione:

On behalf of defendant Jose Mercado, we write to request that the Government furnish any discovery materials not previously provided so that Mr. Mercado may adequately prepare for trial and the defense can make the necessary pre-trial motions pursuant to the schedule to be established by the Court.

To that end, please provide a separate response to each discovery request below and indicate the number (or letter) of the request to which you are responding. If the Government does not have a requested item in its possession, we ask for a statement indicating that such materials do not exist or are not in the Government's possession. Similarly, if the Government believes it has already fully or partially complied with a particular request, please respond with a statement to that effect and indicate, where applicable, the Bates numbers for the responsive documents. If the Government is aware that a requested item exists, but does not have the item in its possession and cannot obtain it, we request that the Government disclose the location and description of the item. If you would like to meet and confer regarding any of these requests, please let us know.

In any event, we respectfully ask that you provide your response by March 17, 2025, sufficiently in advance of our next status conference so that we may address any outstanding issues with the Court at that time.

A.     **Brady/Giglio Material**

We hereby request immediate production of any and all Documents or Information in the possession, custody, and control of the Government pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), *United States v. Agurs*, 427 U.S. 97 (1976), and *Kyles v. Whitley*,

WILSON SONSINI

AUSA Michael Castiglione
March 12, 2025
Page 2

514 U.S. 419 (1995) (hereinafter "*Brady/Giglio* Material"), the Fifth and Sixth Amendments to the Constitution of the United States of America, and all applicable law.[1]

      Set forth below are specific examples of Documents or Information in the possession, custody, and control of the Government, which it is obligated to disclose as *Brady/Giglio* Material. We seek prompt production of any and all *Brady*/*Giglio* Material, including, but not limited to, the specific examples below. We are seeking these items to (i) have sufficient time to conduct any necessary investigation; (ii) enable the defense to determine the necessary pre-trial motions; and (iii) enable counsel to prepare for trial, including the identification of relevant witnesses. We respectfully request that the Government produce these materials by April 15, 2025.

      "Documents or Information" means all documents, objects, communications, statements of witnesses, and any other evidence and information and/or notes or recordings related thereto in possession, custody, or control of the United States Department of Justice ("DOJ") and/or the United States Attorney's Office for the Eastern District of New York ("USAO/EDNY"). It includes all Documents or Information in the possession, custody, or control of the Federal Bureau of Investigation ("FBI"), the United States Marshals Service ("USMS"), the New York City Police Department ("NYPD"), the Kings County District Attorney's Office ("KCDA") and any other law enforcement agency involved in the investigation giving rise to the instant indictment, or any related investigation, and thus requires a search of the DOJ's, USAO/EDNY's, FBI's, USMS's, and KCDA's emails, texts messages, and documents, including the emails of the case agent(s) and any other law enforcement agent or officer working on the matter or related matter. It also includes Documents or Information in the possession,

---

[1] *See United States v. Mitchell*, 372 F. Supp. 1239, 1257 (S.D.N.Y.) ("[T]he due process implications of *Brady* [obligate] the Government to disclose exculpatory information *as soon as the character of such information is recognized*."), *appeal dismissed and mandamus denied sub nom. Stans v. Gagliardi*, 485 F.2d 1290 (2d Cir. 1973) (emphasis added); *United States v. Goldman*, 439 F. Supp. 337, 349 (S.D.N.Y. 1977) (ordering "that all Brady material be immediately provided to the defendant"); *United States v. Crozzoli*, 698 F. Supp. 430, 436 (E.D.N.Y. 1988) ("To permit the prosecution to withhold exculpatory evidence despite a request until such time as the prosecutor chooses to disclose it, is to permit the prosecutor to control, to some extent, the preparation of a defense."); *United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001) (holding that due process requires the Government to disclose Brady materials in time for its effective use at trial); *United States v. Morrison*, No. 04CR699 (DRH), 2006 WL 2482092, at *4 (E.D.N.Y. Aug. 25, 2006) ("*Brady* material must be furnished sufficiently in advance of trial to permit its effective utilization by the defense. Items delivered belatedly obviously will not satisfy that standard.").

**WILSON SONSINI**

AUSA Michael Castiglione
March 12, 2025
Page 3

custody, and control of any federal, state or local agencies that have provided assistance to your Office or concurrently investigated the matters at issue in this case. Each request is continuing in nature, and we request prompt notice in the event that responsive Documents or Information come to the Government's attention at any point in the future.

Each of the examples enumerated below seeks Documents or Information that (i) may tend to exculpate Mr. Mercado; (ii) may be favorable to the defense; (iii) may tend to affect the weight and/or credibility of the evidence to be presented by the Government at trial, including any material that may tend to impeach the credibility of either documentary evidence or testimony; and/or (iv) would tend to reduce the punishment imposed if a conviction is obtained, including the application of the United States Sentencing Guidelines.

Each of the examples enumerated below specifically includes all statements made by witnesses to law enforcement officials, whether such statements were memorialized or not. *See United States v. Rodriguez*, 496 F. 3d 221 (2d Cir. 2007) (holding that when prosecution is in possession of material information that impeaches its witnesses or exculpates the defendant, it may not avoid its *Brady* and *Giglio* obligation to disclose such information by not writing it down). Likewise, the examples enumerated below specifically include all statements to law enforcement officials regardless of whether the Government credits such statements or whether the witness has since recanted the statement.

Reserving our rights to provide you with additional examples, and in no way limiting our demands to these examples, we seek all *Brady*/*Giglio* Material, including the following:

1. Any and all Documents or Information reflecting doubt that Mr. Mercado participated in any conspiracy or offense alleged in the Indictment (or conduct which the government intends to offer at trial pursuant to Fed. R. Crim. P. 404(b)), including Documents or Information reflecting that Mr. Mercado was not present at the scene of the crime or was elsewhere at the time it occurred.

2. Any and all Documents or Information reflecting doubt that any scheme or offense alleged in the Indictment (i) occurred or (ii) is unlawful.

3. Any and all Documents or Information reflecting that co-defendant Robert Barksdale, or his counsel, made any statement(s) exculpating Mr. Mercado with respect to any of the counts of the Indictment.

4. Any and all Documents or Information reflecting, that Mr. Mercado is a truthful person and/or a person of good character.

5. Any and all Documents or Information reflecting doubt that Mr. Mercado was armed during the offense or the "firearm" he is alleged to have brandished was not

WILSON SONSINI

AUSA Michael Castiglione
March 12, 2025
Page 4

> brandished, or was not a real or functioning gun, or that force was used during the course of the charged robbery.

6. Any exculpatory Documents or Information, including, but not limited to, testimony given before the grand jury.

7. Any and all Documents or Information concerning witness proffers or interviews made to the Government, the FBI, the NYPD or anyone else, by any potential witness containing statements that may tend to exculpate Mr. Mercado or in any way undermine the credibility or reliability or accuracy of any witness or other evidence.

8. Any and all Documents or Information concerning proffers made to the Government by counsel on behalf of any defendant or potential witness containing statements which may tend to exculpate Mr. Mercado.

9. Any and all Documents or Information revealing prior criminal convictions, guilty verdicts, or juvenile adjudications including, but not limited to, relevant "rap sheets," arrests, indictments, complaints, informations, and bail violations of each witness the Government intends to call at trial. If the Government does not have copies of any or all of these items, we request the dates and places of such arrests, indictments, complaints, informations, and bail violations, the charges brought, and the disposition of those charges.

10. Any and all Documents or Information revealing prior or subsequent misconduct, criminal acts, or bad acts of any witness the Government intends to call at trial, including, without limitation, allegations of criminal conduct of which the Government knows, or through reasonable diligence, should have reason to know.

11. The dates and a description of any and all considerations or promises of consideration given during the course of the investigation and preparation of this matter by any United States or foreign law enforcement official (including prosecutors or agents, police or informers) to or on behalf of any witness the Government intends to call at trial, or any such consideration or promises expected or hoped for by any such witness at any future time. Such "considerations" include anything that arguably could be of value or use to a witness or anyone related to the witness by blood or marriage, including, but not limited to: (i) formal or informal, direct or indirect, leniency, favorable treatment, or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, immigration, administrative, or other matter involving the state or federal Government, any other authority, or other parties; (ii) civil, criminal, or tax immunity grants; (iii) relief from forfeiture; (iv) payments of money, rewards, fees, witness fees, or special witness fees; (v) provisions of food, clothing, transportation, legal

**WILSON SONSINI**

AUSA Michael Castiglione
March 12, 2025
Page 5

services, or other benefits; (vi) letters to anyone informing the recipient of the witness's cooperation; (vii) recommendations concerning licensing, certification, or registration; (viii) promises to take affirmative action to help the status of the witness in a profession, business, or employment, or promises not to jeopardize such status; (ix) aid or efforts in securing or maintaining the business or employment of a witness; and (x) anything else that arguably could reveal an interest, motive, or bias in the witness in favor of the prosecution or against Mr. Mercado or act as an inducement to testify, to color the witness's testimony, or otherwise to make a case for the Government and/or against Mr. Mercado. The Government is requested to include copies of all memoranda of understanding between the Government and its witnesses, whether by way of correspondence with counsel for a witness or otherwise.

12. Any and all statements – formal and informal, oral or written – by the Government, its agents, and representatives to any person (including counsel for such persons or counsel for such person's employer) whom the Government intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course, or outcome of any Government action – state or federal, civil or criminal – or immigration matters against the witness, the witness's employer, or anyone related by blood or marriage to the witness.

13. Any and all threats, express or implied, direct or indirect, or other coercion directed against any witness the Government intends to call at trial; any criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against any such witness; any probationary, parole, deferred prosecution, or custodial status of any such witness; and any civil, tax court, court of claims, administrative, immigration, or other pending or potential legal disputes or transactions involving any such witness and the state or federal government, or over which the state or federal government has real, apparent, or perceived influence.

14. A list of any and all requests, demands, or complaints made to the Government by any witness which arguably could be developed on cross examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action on his or her behalf (regardless of whether or not the Government has agreed to provide any favorable action).

15. Any requests prepared by the Government for permission to grant immunity or leniency for any witness or a witness's employer, whether or not such request was granted.

16. Any statements or documents, including, but not limited to, grand jury testimony and federal, state, and local tax returns, made or executed by a potential Government

**WILSON SONSINI**

AUSA Michael Castiglione
March 12, 2025
Page 6

witness which the Government knows, or through reasonable diligence, should have reason to know are false.

17. Any written or oral statement, whether or not reduced to writing, made by any potential Government witness, which in any way contradicts or is inconsistent with or different from other oral or written statements that person has made, and any such statement made by any person, whether a witness or not, which in any way contradicts, or is inconsistent with or different from any statement made by a potential Government witness.

18. A copy of all medical and psychiatric reports, or any other document or information known to the Government or which can reasonably be known to the Government concerning any witness the Government intends to call at trial which may arguably affect the witness's credibility, ability to perceive or relate or recall events (including, but not limited to, all evidence, either documentary or otherwise, that any person who is a Government witness is or was suffering from any physical or mental disability; emotional disturbance; or any use, dependence, or addiction to drugs or alcohol at any time during the period encompassing the acts alleged in the Indictment to the present).

19. Any Documents or Information not otherwise listed that reflect or evidence (i) the motivation of any Government witness or the witness's employer to cooperate with the Government; (ii) the competency or credibility of the witness; or (iii) the witness's bias or hostility against Mr. Mercado or Mr. Barksdale.

20. The existence and identification of each occasion on which any potential Government witness, including any witness who is or was an informer, accomplice, co-conspirator, or expert, has testified before any court, or other tribunal or body, or otherwise has given an official narration, in relation to Mr. Mercado, the investigation, or the facts of this case.

21. A list of all other judicial proceedings involving a criminal matter in which any person who is a potential Government witness in this action participated as a witness, was identified as an unindicted co-conspirator, an aider and abettor, or was charged as a defendant.

22. Any statements read or given by the Government to the departments of Pretrial Services or Probation in connection with the prosecution or conviction of any potential Government witness.

23. A copy of all letters and memoranda written to any court in connection with the sentencing of any potential Government witness.

WILSON SONSINI

AUSA Michael Castiglione
March 12, 2025
Page 7

24. The same records and information requested in items Nos. 7 through 23 above with respect to each non-witness declarant whose statements may be offered into evidence.

25. The same records and information requested in items Nos. 7 through 23 above with respect to each informant who acted in an undercover capacity during the course of the investigation in this case.

26. Copies of any and all records of law enforcement or other governmental agencies reflecting intra-departmental disciplinary action taken against any law enforcement or agency official who will testify in this proceeding, including all such records from any governmental agency for which the witness previously worked.

27. Any and all other Documents or Information that arguably could be helpful or useful to Mr. Mercado's defense by way of impeachment or otherwise detracting from the probative force of the Government's evidence.

28. Copies of any and all records of any law enforcement or other governmental agency reflecting any commendations, awards, or recognition of any kind received by, or requests for any commendations, awards, or recognition of any kind made by, any government agent or law enforcement officer for any work, action, or conduct undertaken in connection with the investigation and prosecution of this case.

Aforementioned requests include all such information that, while not in the immediate possession of the Government, is uniquely accessible to it. If the Government does not possess, but is aware of, information or materials that would or may be *Brady*, *Giglio*, and/or *Bagley* material, but believes the material can be obtained by Mr. Mercado by *subpoena duces tecum*, please, so advise.

**B.     Particulars**

Pursuant to Criminal Rule of Criminal Procedure 7(f), in order to permit Mr. Mercado to adequately prepare his defense and to avoid unfair surprise at trial, we respectfully request the following information:

1. The amount of proceeds purportedly derived from Count Two which the government seeks to forfeit.

2. A list of the "other[]" individuals with whom Mr. Mercado and Mr. Barksdale are alleged to committed each of the charged crimes. *See* Ind. ¶¶ 1-2.

**WILSON SONSINI**

AUSA Michael Castiglione
March 12, 2025
Page 8

    **C.**    <u>**Federal Rule of Criminal Procedure 16**</u>

To the extent not already provided, we hereby request that the Government disclose the following materials:

1. The substance of any relevant oral statement, whether or not subsequently memorialized in writing, made by Mr. Mercado in response to questioning by a government agent or representative.  *See* Fed. R. Crim. P. 16(a)(1)(A).  **Specifically included in this request are all draft reports and notes from the agents who took the statement attributed to Mr. Mercado and any notes, draft reports, or final reports from any Government agents' interactions with Mr. Mercado during his arrest in this matter.**

2. The portion of any written record containing the substance of any oral statements made by Mr. Mercado, whether before or after arrest, in response to questioning by a government agent or representative.  *See* Fed. R. Crim. P. 16(a)(1)(B).

3. Any written or recorded statements, or copies thereof, made by Mr. Mercado, which are within the Government's possession, custody, or control.  *See* Fed. R. Crim. P. 16(a)(1)(B).  In responding to this request, the Government is specifically requested to inquire of all law enforcement personnel and other government agents, representatives, and translators whom it knows to have been connected with this case. The Government is also specifically requested to inquire of all potential Government witnesses or other people who have supplied information to the Government whether they are aware of any written or recorded statements of Mr. Mercado.

    This request includes, without limitation:

    (a) Any and all written or recorded statements made by Mr. Mercado;

    (b) Any and all statements made by Mr. Mercado that may have been incorporated in any writing, report, memorandum, transcript, or other document or recording prepared by any government agent or representative;

    (c) Any and all notes prepared by Mr. Mercado;

    (d) Any and all documents that bear the signature of, or a signature believed by the Government to be the signature of, Mr. Mercado.

4. All books, papers, documents, data, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer data storage systems, or tangible objects, or copies or portions thereof, within the possession, custody, or control of the

WILSON SONSINI

AUSA Michael Castiglione
March 12, 2025
Page 9

> Government, that are material to the preparation of Mr. Mercado's defense. *See* Fed. R. Crim. P. 16(a)(1)(E)(i).
>
> ***Further to our email from Match 10, 2025, we are hereby expressly requesting any video, body camera footage or other recordings documenting the arrest of Mr. Mercado on February 12, 2025.***

5. All books, papers, documents, data, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer data storage systems, or tangible objects, or copies or portions thereof, within the possession, custody, or control of the Government, that the Government intends to use in its case-in-chief. *See* Fed. R. Crim. P. 16(a)(1)(E)(ii).

   ***Further to our email of March 9, 2025, we are hereby expressly requesting any 9-1-1 and radio recordings related to the offense charged in the indictment and any other conduct that the government intends to offer pursuant to Fed. R. Crim. P. 404(b). As we previously reminded the Government, such evidence may contain exculpatory material and is at risk of being destroyed if the Government does not take adequate steps to preserve it.***

   Mr. Mercado further requests that any documents or other items produced in response to this request be specifically identified as such, both to enable counsel to prepare effectively for trial and to afford Mr. Mercado an opportunity to file appropriate pre-trial motions. *See United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978); *United States v. McDonald*, No. 01-CR-1168 (JS) (MLO), 2002 WL 2022215, at *3 (E.D.N.Y. Aug. 6, 2002) ("[A]lthough the government is not required to organize its documentary evidence, … the government shall be required to identify documents upon which it will rely."); *United States v. Upton*, 856 F. Supp. 727, 747-48 (E.D.N.Y. 1994) ("The *purpose* of requiring the government to identify which documents it will rely upon at trial in a situation … where there are thousands of documents - is to allow the defendant to adequately prepare his or her defense. General familiarity with the nature of the documents…will not allow defendants to do that[.]") (emphasis in original). This request includes not only those items that will be marked and offered into evidence, but all of those documents or other items that will be relied upon or referred to in any way by any witness called by the Government during its case-in-chief. *See id.*

6. All books, papers, documents, data, photographs, videotape recordings, audiotape recordings, microfilm, microfiche, computer data storage systems, or tangible objects, or copies or portions thereof, within the possession, custody, or control of the Government, that were obtained from or belong to Mr. Mercado. *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).

**WILSON SONSINI**

AUSA Michael Castiglione
March 12, 2025
Page 10

7. Any results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, and all documents referring or relating to such reports, that the Government intends to use in its case-in-chief or are material to the preparation of Mr. Mercado's defense, *see* Fed. R. Crim. P. 16(a)(1)(F), including, but not limited to:

   (a) Any analysis of cell site or other information derived from cellular telephones or other communication device;

   (b) Any and all handwriting exemplars, handwriting samples, opinions of handwriting experts, handwriting or document analyses, and all documents used in such analyses;

   (c) Any and all attempts at voice identification by any means;

   (d) Any and all fingerprint and palm print exemplars, fingerprint samples, comparisons, and opinions of fingerprint experts, and all documents that relate to these opinions;

   (e) Any and all psychological or other tests performed upon any potential Government witness, and all documents that refer to such tests; and

   (f) Any and all electronic testing, polygraph examinations, psychological stress evaluations, hypnotic procedures, or any other scientific procedures utilized to determine whether a subject is telling the truth, or to refresh a witness's memory, and all documents that refer or relate to such examinations.

   In the event the Government is in fact in possession of items listed in this request that it does not intend to use in its case-in-chief (or subsequently comes into possession of such reports), the Government is asked to seek a ruling of the Court – *ex parte*, if necessary – to assist in determining whether such reports are nevertheless discoverable as material in the preparation of Mr. Mercado's defense in this case.

8. A designation by the Government (including the names, addresses, email addresses, and telephone numbers) of any witnesses it intends to call to elicit expert testimony within the meaning of the Federal Rules of Evidence. In the case of each such expert witness, Mr. Mercado requests that the Government provide a written summary of testimony the Government intends to use. This summary should describe the witness's opinions, the bases and reasons therefor, and the witness's qualifications. Mr. Mercado also requests that the Government disclose any reports, studies, or other data that any such expert will rely upon in giving his or her testimony. *See* Fed. R. Crim. P. 16(a)(1)(G).

**WILSON SONSINI**

AUSA Michael Castiglione
March 12, 2025
Page 11

### D. Federal Rule of Criminal Procedure 12

As a predicate to motions to be made pursuant to Federal Rule of Criminal Procedure 12, Mr. Mercado requests the following:

1. That the Government disclose, and provide any reports memorializing, any identification procedure (*i.e.,* line-up, show-up, photo array, single phone, etc.) utilized in this case.

2. That the Government provide a description of any evidence in its possession, custody, or control that was obtained by search or seizure;

3. That the Government disclose whether any evidence in its possession, custody, or control was obtained through any electronic or mechanical surveillance or tape recording, and, if so, provide a description of such evidence;

4. That the Government disclose whether any recording or any other result of electronic or audio surveillance has been scientifically tested, altered, or treated in any other way, and, if so, set forth the time, date, place, and a description of each test or alteration, identify the examiner, and provide copies of any reports and all documents relating or referring to such reports;

5. That the Government disclose whether any evidence in its possession, custody, or control was obtained through the use of a tracking device, mail cover, or electronic or audio surveillance, and, if so, provide a description of said evidence and the date, time, and nature of the interception, and any and all documents related to or reflecting any information derived therefrom;

6. That the Government disclose whether any tapes, reports of communications, fruits of any interception or search, or notes of any interview requested herein have been or are intended to be discarded or destroyed, and, if so, identify any such materials in sufficient detail to permit Mr. Mercado to make a timely request to the Court for appropriate relief;

7. That the Government disclose whether any law enforcement agent who participated in the investigations leading to the indictment in this case violated, or was alleged to have violated, any federal or state law or internal agency policies during the course of the investigations;

8. That the Government disclose whether any persons were present during grand jury proceedings other than the grand jurors, witnesses under examination, court reporters, and Assistant United States Attorneys;

**WILSON SONSINI**

AUSA Michael Castiglione
March 12, 2025
Page 12

9. That the Government disclose whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any person other than the grand jurors, witnesses under examination, court reporters, and Assistant United States Attorneys;

10. That the Government disclose whether, should Mr. Mercado testify on his own behalf, the Government will attempt to rely upon specific instances of conduct for impeachment purposes pursuant to Federal Rule of Evidence 608(b), and, if so, provide a description of any such instances; and

11. That the Government provide the following:

    (a) All applications, affidavits, or other supporting documents for court orders for any type of electronic or video surveillance and applications for extensions thereof;

    (b) All court orders pertaining to electronic or video surveillance and renewal orders;

    (c) All interim reports by the Government to the Court on such surveillance;

    (d) All logs of any such surveillance;

    (e) All tapes resulting from such surveillance;

    (f) All transcriptions resulting from such surveillance, including currently available transcriptions, even if in draft form;

    (g) All applications for extending the date for notification of such surveillance;

    (h) All court orders extending the date for such notification;

    (i) All papers submitted to the Court concerning sealing of electronic or video surveillance tapes;

    (j) All consensual tape recordings and transcripts;

12. That the Government disclose the impanelment and adjournment dates of each grand jury that heard evidence concerning this case and the legal instructions provided to the grand jury before the indictment was returned.

WILSON SONSINI

AUSA Michael Castiglione
March 12, 2025
Page 13

### E.     Statements by Co-Defendants

So that we may make any appropriate motion pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), or severance motion, please confirm that you have provided all statements by Mr. Barksdale that the Government may offer at trial, either in your case-in-chief or otherwise.

### F.     Prior Bad Acts

Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Federal Rule of Criminal Procedure 16(a)(1)(D), and Federal Rules of Evidence 403 and 404(b), we request that the Government disclose copies of the prior criminal records, if any, of Mr. Mercado, his agents, or his alleged co-conspirators, and all evidence of other crimes, wrongs, or acts allegedly committed by Mr. Mercado, his agents, or his alleged co-conspirators, which the Government may offer into evidence at trial. If the Government intends to offer any such evidence, set forth the date, place, and nature of each such crime, wrong, or act to enable the Court to make a determination concerning its admissibility.

In addition, we request that the Government disclose whether, should Mr. Mercado testify on his own behalf, the Government will attempt to rely upon specific instances of conduct for impeachment purposes pursuant to Federal Rule of Evidence 608(b), and, if so, provide a description of any such instances.

### G.     3500 Material/Federal Rule of Criminal Procedure 26

In order to expedite trial and avoid unnecessary delay during the trial, and so that defense counsel will have sufficient time to review testimony and prepare for cross-examination, Mr. Mercado requests that all materials required to be disclosed pursuant to 18 U.S.C. § 3500 be produced no later than 90 days before the commencement of trial. **Specifically included in this request is a request that the Government produce all draft reports and notes for all agents it may call as witnesses in this matter pursuant to 18 U.S.C. § 3500.**

### H.     Exhibit List

We hereby request a list of all exhibits the Government intends to use at trial that are now known to the Government, with all additions, if any, to such list provided on a timely basis. *See, e.g.*, *Upton*, 856 F. Supp. at 747-48 (when there are thousands of documents, the Government must identify those documents it will rely upon at trial to allow the defendant to prepare adequately for his defense).

**WILSON SONSINI**

AUSA Michael Castiglione
March 12, 2025
Page 14

      **I.**      <u>**Witness List**</u>

    We hereby request the names and addresses of all witnesses that the Government intends to call at trial.  *See United States v. Savin*, No. 00 CR 45 (RWS), 2001 WL 243533, at *6-8 (S.D.N.Y. Mar. 7, 2001) (finding specific need for witness list based on large number of potential witnesses and documents, and fact that underlying events spanned several years); *United States v. Rueb*, No. 00 CR 91 (RWS), 2001 WL 96177, at *7-9 (S.D.N.Y. Feb. 5, 2001) (witness list required to be turned over to defendants due to voluminous documents produced and extended time period covered by indictment); *United States v. Shteyman*, No. 10 CR 347 (SJ), 2011 WL 2006291, at *9 (E.D.N.Y. May 23, 2011) (Johnson, J.) (recognizing that the government may be obligated to disclose the identities of witnesses prior to trial where the defendant has made a showing of need).

      **J.**      <u>**Alleged Accomplices**</u>

    We hereby request the names and addresses of all co-conspirators known to the Government who are not indicted in this case.  *See United States v. Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000); *United States v. Kahale*, 789 F. Supp. 2d 359, 372-74 (E.D.N.Y. 2009) (holding that "identifying those unindicted co-conspirators known to the government is necessary to allow the defendants to adequately prepare their defenses and avoid unfair surprise at trial"), *aff'd sub nom. United States v. Graham*, 477 F. App'x 818 (2d Cir.), *cert. denied*, 133 S. Ct. 349 (2012).  Please also provide any statement by an alleged co-conspirator during and in furtherance of the alleged conspiracy which the Government will seek to offer at trial.  *See* Fed. R. Evid. 801(d)(2)(E).

    Please also provide the names and addresses of all cooperating witnesses and confidential informants (or, if represented, their counsel) who participated in an investigation related to the incidents in this case.

*     *     *     *

    Each of the foregoing requests is of a continuing nature and calls for supplementation as soon as the Government discovers additional responsive evidence, information, or material.

    **As noted above, we request that you ensure that all law enforcement agents (and any other Government agents) preserve their notes and draft reports for all persons interviewed during the investigation of Mr. Mercado, including, but not limited to, the individuals whom you expect may be witnesses for the Government at trial.  We further specifically request that you preserve your own notes and those of any other Assistant United States Attorney from any witness, co-conspirator, or cooperator interviews related to the investigation of Mr. Mercado.  We also request that you ensure all electronic**

WILSON SONSINI

AUSA Michael Castiglione
March 12, 2025
Page 15

**communications and Electronically Stored Information ("ESI"), including all emails, text messages, instant messages, draft reports, etc. created by law enforcement officials (and any other government agents) in connection with this investigation be preserved. Such emails and text messages are 3500 material which need to be disclosed to the defense, just as a written report would be, and may contain discoverable *Brady* or *Giglio* material.** *See, e.g.*, *United States v. Suarez*, Criminal Action No. 09-932 (JLL), 2010 WL 4226524 (D.N.J. Oct. 21, 2010).

We also request that, for the reasons set forth in Judge Gleeson's decision in *United States v. Mahaffy*, No. 05-CR-613 (JG), 2010 WL 2925952, at *6 (E.D.N.Y. July 21, 2010), *vacated*, 693 F.3d 113 (2d Cir. 2012) (vacating convictions due to government's failure to disclose *Brady* material), the attorneys for the Department of Justice and any other Government entity involved in this matter "make contemporaneous records of their actions and decisions regarding disclosure in a manner that makes them accessible later on," including records of any decision *not* to disclose information to Mr. Mercado under *Brady*, *Giglio*, or any other relevant decision or statute.

We reserve the right to amend or supplement the requests for Documents or Information set forth herein. Please let me know if you have any questions regarding these requests or wish to discuss them.

                                            Respectfully submitted,

                                            WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation

                                            s/ *Morris J. Fodeman*
                                            Morris J. Fodeman
                                            Sarah Mosisa

                                            *Counsel for Defendant Jose Mercado*

cc: All Counsel of Record (via CM/ECF)